Filed 5/15/14  P. v. Rodriguez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049076 |
| v. | (Super. Ct. No. 12CF1246) |
| OSCAR OMAR RODRIGUEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Sheila F. Hanson, Judge.  Affirmed.

Maria Leftwich, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

*                  *                  *

We appointed counsel to represent defendant Oscar Omar Rodriguez on appeal. Counsel filed a brief which set forth the facts of the case. Counsel did not argue against the client, but advised the court no issues were found to argue on defendant's behalf. Defendant was given 30 days to file written argument in defendant's own behalf. That period has passed, and we have received no communication from defendant.

A jury found defendant guilty of attempted robbery as charged in count one of the information. After finding it true defendant suffered a prior serious or violent felony, the court sentenced defendant to seven years in prison.

Prior to trial, the court heard the prosecutor's request for permission to introduce evidence of defendant's prior criminal conduct as well as a defense motion to exclude evidence of defendant's prior felony conviction, another attempted robbery. The facts presented in the prosecutor's moving papers were: "In Court Case number 11CF2294, Defendant pled guilty to PC 664-211/212.5(c). The defendant entered a commercial building, a Santa Ana grocery store, and approached a grocery store employee. The defendant told the employee 'GIVE ME THE MONEY, I HAVE A GUN.' The grocery store clerk closed the cash register drawer and froze. The defendant repeated his demand and reached under his shirt into his waistband. The clerk, in fear for his life, called out the manger who came over to the cash register. Defendant said 'DO NOT CALL ANYONE.' The defendant then left the store without any money." The court found both the prior and the present attempted robberies to be sufficiently similar to make that type of evidence relevant to defendant's intent. The court noted the two crimes occurred within a year of each other, and concluded the prior crime was not remote in time.

With regard to the instant crime, on April 25, 2012, defendant sat down at the desk of a personal banker at Bank of America in Santa Ana and picked up a note pad from her desk and wrote out a "sticky note" stating: "I need money fast. Please don't try to pull any." Defendant then stared at the banker and she felt intimidated, scared and in

fear. When the banker was asked whether defendant said anything at that point, she responded: "'Don't pull anything.' Or don't — and 'Don't touch anything.'" When she reached toward her computer, he again ordered her not to touch anything and to keep her hands on the desk. He said he wanted $18,000. The banker told defendant: "Okay. Stay here and I'll be right back and I'll help you, but I need you to stay here."

The banker took the note pad "to the banded barrier side of the teller side." She testified she then walked all the way to my manager and I told him, "I'm being robbed." The manager pulled the alarm.

Defendant's father testified when his son was in the fifth grade, he was placed in special education because he had learning disabilities. He described defendant as "very child-like."

A psychologist called by the defense opined that defendant has schizophrenia and is bipolar, and stated: "My opinion was that he's unable to manage himself in the community at all. He does not take his medicines, and he's drug seeking and used drugs to cope with his psychiatric symptoms and has no insight, which is a common problem with patients with these kinds of severe mental disorders."

On cross-examination, she said defendant knows the difference between right and wrong. The psychologist also related defendant told her about a prior attempted robbery during which he told her what he said to those victims: "I told them I had a gun, which I did not, because I wanted money." With regard to the current crime, the prosecutor asked the psychologist: "Would you agree that based on your experience and your expertise in this area that [defendant] knew that he had done something wrong with this attempted robbery?" The psychologist answered: "Oh, yes, I believe so."

If sufficiently similar, evidence of other crimes may be admitted to prove motive, opportunity or intent. (*People v. Villatoro* (2012) 54 Cal.4th 1152, 1170-1171; Evid. Code, § 1101 subd. (b).) Here the trial court carefully considered the arguments of both sides and concluded the current and prior attempted robberies were sufficiently

3

similar on the issue of intent. We cannot conclude the court abused its discretion in making this determination.

When determining the sufficiency of evidence, the reviewing court views the evidence in the light most favorable to the prosecution, and decides if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Curry* (2007) 158 Cal.App.4th 766, 778.) Under the circumstances we find in this record, we conclude substantial evidence supports defendant's conviction.

With regard to defendant's mental state, the court permitted defendant to introduce evidence of his mental illness. "As a matter of public policy, there shall be no defense of diminished capacity, diminished responsibility, or irresistible impulse in a criminal action." (Pen. Code, § 28, subd. (b).) A "defendant has been accommodated by providing the NGI plea, by allowing evidence of mental illness to prove the absence of specific intent, and by permitting consideration of mental illness as a mitigating factor for sentencing purposes." (*People v. Gutierrez* (1986) 180 Cal.App.3d 1076, 1083-1084.) Here, defendant's own expert witness testified defendant knew he was doing something wrong.

We have examined the record and find no other arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436.) The judgment is affirmed.


MOORE, ACTING P. J.

WE CONCUR:


ARONSON, J.


FYBEL, J.


4